FILED

12/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0797

DA 15-0797

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 322

IN RE THE PARENTING OF

N.M.V.,

 Minor Child,

DUSTIN E. CROSS,

  Petitioner and Appellant,

 and

ERIN VERPLOEGEN,

  Respondent and Appellee.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DR-11-21
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

 For Appellant:

  Jeremy S. Yellin, Attorney at Law, Havre, Montana

 For Appellee:

  Brian Lilletvedt, Bosch, Kuhr, Dugdale, Martin & Kaze PLLP, Havre, Montana

Submitted on Briefs: October 5, 2016

Decided: December 13, 2016

Filed:

/S/ ED SMITH
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1	Dustin E. Cross appeals from the Findings of Fact, Conclusions of Law, and Final Visitation Plan entered by the Montana Twelfth Judicial District Court, Hill County, awarding him visitation rights but denying him a parental interest in N.M.V., a minor child and daughter of Cross's former girlfriend, Erin J. Verploegen.  We affirm.

## ISSUE

¶2	The issue on appeal is whether the District Court abused its discretion in denying Cross a parental interest in N.M.V.

## BACKGROUND

¶3	Cross and Verploegen began dating in December 2001, less than one year after N.M.V. was born.  N.M.V.'s biological father, Roger Gonzales, has had no contact with N.M.V. and his whereabouts are currently unknown.  Verploegen and N.M.V. moved into Cross's Bozeman townhome in June 2003.  During the time they lived together in Bozeman, Verploegen made all critical decisions about N.M.V.'s upbringing, including decisions about healthcare, daycare, and the everyday rules N.M.V. was to abide.  Cross worked long hours and most weekends, but he would read to N.M.V. at night and picked her up from daycare once or twice when Verploegen was unavailable.  Cross paid the rent on the townhouse while Verploegen paid utilities and bought groceries.

¶4	In the summer of 2004, Cross bought a house in Churchill, Montana, near Bozeman.  Cross changed jobs after moving to Churchill, and claimed that he began to play a more active role in parenting N.M.V.  Cross testified that he and Verploegen

2

discussed what school N.M.V. would attend. He also said he began picking up N.M.V. from daycare more often, cooking food for her, and disciplining her. Verploegen continued to pay for utilities and groceries after the move to Churchill, but in 2007, she began paying an additional $500 per month in rent to Cross. From time to time, Verploegen and Cross discussed marriage and Cross's adoption of N.M.V., but those talks subsided in 2009 when Cross and Verploegen broke up and Verploegen and N.M.V. moved to Havre, Montana. In February 2011, Cross petitioned the District Court for a parenting interest in N.M.V. pursuant to § 40-4-228(2), MCA. The District Court denied Cross's petition. He appeals.

## STANDARD OF REVIEW

¶5 We review a district court's findings of fact for clear error, and we will affirm findings if they are supported by substantial credible evidence. *Kulstad v. Maniaci*, 2009 MT 326, ¶ 51, 352 Mont. 513, 220 P.3d 595. Ultimately, the language of § 40-4-228(2), MCA, is permissive and a district court's ruling is discretionary. Thus, under these circumstances, we will overturn the district court only if it abused its discretion or if its findings are not supported by substantial credible evidence. *In re A.P.P.*, 2011 MT 50, ¶ 18, 359 Mont. 386, 251 P.3d 127.

## DISCUSSION

¶6 *Did the District Court abuse its discretion in denying Cross a parental interest in N.M.V.?*

¶7 A district court may grant a parental interest in a child to a non-parent if the non-parent shows through clear and convincing evidence that:

3

(a) the natural parent has engaged in conduct that is contrary to the child-parent relationship; and

(b) the nonparent has established with the child a child-parent relationship, as defined in 40-4-211, and it is in the best interests of the child to continue that relationship.

Section 40-4-228(2), MCA. Here, the District Court denied Cross's petition after it determined Cross failed to show by clear and convincing evidence that Verploegen engaged in conduct contrary to her child-parent relationship. At the same time, the District Court found that an ongoing relationship between N.M.V. and Cross was in N.M.V.'s best interests, and therefore awarded Cross visitation rights pursuant to § 40-4-228(3), MCA.

¶8 On appeal, Cross argues Verploegen ceded her parental authority to him. Cross cites *Kulstad* for the proposition that ceding parental authority is conduct contrary to the child-parent relationship. *Kulstad* is clearly distinguishable. *Kulstad* involved a same-sex couple raising adopted children together over a period of ten years at a time when the law allowed only one partner to be the adopting parent. *Kulstad*, ¶ 10. When the *Kulstad* couple adopted their children, they intended that both partners would be co-parents. Both partners exercised equal rights and bore equal responsibilities in raising the children, and this dynamic was confirmed by social workers involved in the adoption process. When the couple split, the district court awarded a parental interest to the partner not named in the adoption papers over the objection of Maniaci, the adopting parent. We affirmed, stating:

The District Court has discretionary authority to determine that a parent acted contrary to her child-parent relationship when substantial credible

4

evidence supports its findings. Substantial credible evidence in the record supports the District Court's determination that Maniaci repeatedly and continually acted contrary to her child-parent relationship.

*Kulstad*, ¶ 78 (citation omitted).

¶9 *Kulstad* illustrates the fact-intensive nature of a district court's analysis under § 40-4-228(2), MCA. Here, substantial credible evidence supports the District Court's finding that Verploegen did not cede her parenting authority to Cross, and thus did not engage in conduct contrary to her child-parent relationship. Neither Cross nor Verploegen entered their relationship with the intent that he would be considered a co-parent. Verploegen retained decision-making authority in all matters relating to N.M.V.'s care, and paid for her diapers, clothes, and daycare. After the move to Churchill, Verploegen assumed more of the expenses by paying rent to Cross, in addition to the cost of utilities and groceries. While Cross may have spent more time with N.M.V. after the move, he never assumed an equal parenting role or equal responsibility with Verploegen in raising N.M.V., as was the case in *Kulstad*. We therefore conclude the District Court did not abuse its discretion in finding Cross failed to satisfy one of the requirements of § 40-4-228(2), MCA, and in denying Cross's petition.

¶10 Even though the District Court found Verploegen had not acted contrary to her child-parent relationship with N.M.V., Cross argues that Gonzales had clearly satisfied that requirement of § 40-4-228(2), MCA. While we agree that Gonzales's absence is contrary to his child-parent relationship with N.M.V., his relationship is not at stake here. The only parent affected by the present proceeding is Verploegen, who has been

N.M.V.'s sole custodial parent.  We therefore conclude that Verploegen is "the natural parent" to be scrutinized under § 40-4-228(2)(a), MCA, and decline Cross's interpretation of the statute.

¶11    Finally, we conclude that there was sufficient evidence to support the District Court's determination that it was in N.M.V.'s best interests to award Cross visitation rights with N.M.V.  *See* § 40-4-228(3), MCA.  Verploegen has agreed this visitation is in N.M.V.'s best interests, so we need not address Cross's visitation rights further.

## CONCLUSION

¶12    Because the District Court's findings of fact were not clearly erroneous and its ruling on Cross's parental interest was supported by substantial credible evidence and was not an abuse of discretion, we affirm.


                                          /S/ PATRICIA COTTER


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT